# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARGARET BACH,**

    **Plaintiff,**

    **v.**                                         **Case No. 13-CV-370**

**MILWAUKEE COUNTY CIRCUIT COURT,**
*Judge Jane Carroll presiding*,
**MILWAUKEE COUNTY,**
**ELIZABETH RUTHMANSDORFER,**
**LIFE NAVIGATORS, and**
**DISABILITY RIGHTS WISCONSIN, INC.,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

On April 2, 2013, the plaintiff, Margaret Bach ("Bach"), filed a *pro se* complaint against the defendants. Accompanying Bach's complaint was a motion for leave to proceed in *forma pauperis*. For the reasons stated in this opinion, I will deny the motion to proceed *in forma pauperis* and grant Bach leave to pay the filing fee. I will also grant her leave to amend her complaint, which is currently deficient.

### BACKGROUND

Bach is the mother of Aaron Bach, a disabled adult who is in the custody and care of Milwaukee County. This current complaint stems from a May 12, 2012 Guidelines for Visits Between Aaron and his Mother ("Visitation Guidelines") set by Milwaukee County, Life Navigators (Aaron's guardian), Elizabeth Ruthmansdorfer (Aaron's *guardian ad litem*), and Disability Rights Wisconsin as well as an October 16, 2012 Milwaukee County Circuit Order ("Court Order").

As to the Visitation Guidelines, Bach alleges that the defendants violated her and her son's rights to free speech, privacy, freedom of association, and increased her son's risk of harm. As to the Court Order, Bach alleges that the judge denied her right to access to the court by requiring, among other restrictions, that she seeks leave of the court prior to filing. She also complains that the Court Order denies her right to picket by preventing her from protesting within 500 feet of an agency involved in her son's care, and denies her right to speak to any care provider about her son's care and treatment except in emergencies. Overall, Bach alleges that the actions of the defendants are in retaliation against her for exercising her right to free speech and to access the courts.

Bach asks the Court (1) to void the Visitation Guidelines and Court Order; (2) to order daily visits with Aaron; (3) to order monetary damages for negligent infliction of emotional distress; (4) to appoint a new *guardian ad litem* for Aaron; (5) to allow Bach to amend her complaint; (6) to take jurisdiction from the Milwaukee County Circuit Court; and (6) to enjoin the State from moving Aaron to an unsafe group home.

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to court. *Id.* The party instituting a civil action in a district court is required to

pay a $350 fee to the court's clerk, but if the court determines that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

In this case, in support of her indigency claim, Bach states that she is not married and has no dependents; however, she notes that she supports three therapy dogs for her son. She is currently employed, but she lists the total amount of her cash and bank accounts at $37. She recently received an early distribution of her pension from a previous employer, valued at $31,542, which she deposited in an IRA pension. She also lists some property, including a home currently in foreclosure that is valued at $155,000, a vehicle valued at $1,000, and other tangible property approximated at $1,450. She states her monthly income is $1,700, but notes that her income is $700 if she discounts withdrawals from her IRA. She avers that her monthly expenses are $4,100.

- 3 -

Although a litigant need not be totally destitute to qualify for indigent status under 28 U.S.C. § 1915(a), I cannot conclude that Bach is indigent. She states that her home is in foreclosure but also lists a mortgage payment of $1,875 as a monthly expense. But even if the Court discounts her home as an asset, some of her monthly expenses do not appear to be consistent with indigency. For example, Bach states a monthly phone, cable, and internet bill of $275. Other bills such as a monthly $400 payment for car repairs and maintenance appear unreasonable. In the end, based on Bach's employment status and limited assets (discounting her home), I conclude that she has the ability to pay the one time filing fee.

Even if Bach were indigent, she does not satisfy the requirements of 28 U.S.C. § 1915(e)(2)(B). Bach's complaint contains two deficiencies identified by the Seventh Circuit in her previous lawsuit, *Bach v. Milwaukee County*, 490 Fed. Appx. 806, 807 (7th Cir. 2012). First, Bach, although not naming Aaron as a party, attempts to advance claims on his behalf. For example, Bach seeks a change in guardianship for her son, a reassignment of the judge in his case, and an injunction against moving him to an unsafe group home. As the Seventh Circuit previously stated in Bach's last suit, which also sought a change of guardianship for Aaron, Bach is a lawyer, but she is not Aaron's lawyer. *Bach*, 490 Fed. Appx. at 807. Only Aaron's legal guardians are authorized to act on his behalf. *Id*.

Second, Bach seeks relief not within the purview of this Court. The authority to order daily visitations and appoint guardians is only available in the State courts or the Supreme Court. State-court decisions are given the same preclusive effect in federal court as they have in state court. 28 U.S.C. § 1738, ¶3. And the Supreme Court is the only federal court with the authority to review and overrule state-court decisions in civil cases. *Bach*, 490 Fed. Appx. at 807 (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Unlike state courts, which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009). Federal district courts may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 2000) (quotation and internal marks omitted). Thus, the Court only potentially has subject-matter jurisdiction over Bach's claim that the Guidelines and Court Order violate her First Amendment rights to access to the courts, to free speech, and to protest or picket. However, Bach has not sufficiently stated these claims to comply with Fed. R. Civ. P. 8 (a)(2), which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotation and citation omitted).

When a court order restricting First Amendment rights is construed as an injunction, it may be challenged if it burdens more speech than is necessary to serve a significant government interest. *Madsen v. Women's Health Center*, 512 U.S. 753, 765 (1994). To the extent Bach seeks to make such a claim here, she needs to state sufficient facts to put the defendants on notice of the grounds on which this claim rests.

Additionally, to state a claim that the defendants violated her right of access to the courts, a plaintiff must allege that she suffered an "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), which means that she was hindered in pursuing a non-frivolous lawsuit, *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The alleged injury can be forward-looking, if the defendants' actions are preventing the plaintiff from litigating a present or future lawsuit, or backward-looking, if the

defendants' actions caused the plaintiff to lose a lawsuit or a chance to sue. *Christopher*, 536 U.S. at 413–14.

For a forward-looking claim, the plaintiff must allege that a "systemic official action frustrates [the] plaintiff or plaintiff class in preparing and filing suits at the present time." *Id.* at 413. For a backward-looking claim, the plaintiff must show that the defendants caused her to lose a meritorious claim, a chance to sue on a meritorious claim, or a chance to seek some particular order of relief. *Id.* at 414. A plaintiff must (1) describe an underlying non-frivolous claim and (2) explain how her ability to file or litigate the claim was or will be lost or impeded. *Id.* at 415–16.

Here, Bach appears to make a forward-looking claim. But she does not explain what she intended to file as a non-frivolous claim and how her ability to file the claim was impeded. For example, Bach does not state whether she attempted to appeal the Court Order and if and how she was impeded. The complaint must describe the claim in sufficient detail to give the defendants fair notice of the claim and its grounds. Fed. R. Civ. P. 8(a)(2).

Further, Bach also claims that the Guidelines and Court Order are retaliatory. Generally, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). More specifically, for retaliation of First Amendment right claims under 42 U.S.C. §1983, a plaintiff must show that (1) she engaged in constitutionally protected speech; (2) the defendants, as public officials, engaged in adverse conduct against her; and (3) the defendants were motivated, at least in part, by her protected speech. *Bivens v. Trent*, 591 F.3d 555, 559 (7th Cir. 2010). Here again, the complaint does not sufficiently plead facts to put defendants on notice of this claim.

Finally, in her request for relief, Bach also appears to seek monetary damages for a pendent state claim of negligent infliction of emotional distress, but she does not allege such facts in her complaint. *See Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 654, 517 N.W.2d 432, 443 (1994) (finding the elements of a cause of action for negligent infliction of emotional distress are: negligent conduct, causation, and injury (severe emotional distress)); *Spivey-Johnson v. SM & P Utility Resources, Inc.*, No. 05-CV-87, 2007 WL 81883, *3 (E.D. Wis. Jan. 8, 2007) (citing *Bowen* for elements of negligent infliction of emotional distress claim under Wisconsin law).

Bach also appears to seek monetary damages from defendants who may be immune from liability. Judges generally have absolute immunity for judicial actions taken within their court's jurisdiction. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). This right extends to administrative law judges and other officials when they perform functions that are "closely associated with the judicial process." *Id*. at 200. Thus, the grant of absolute immunity does not depend on the formal description of the official's activities, but rather on the nature of those activities. *Butz v. Economou*, 438 U.S. 478, 511-12 (1978). Judge Carroll's actions were judicial actions taken within the Milwaukee County Circuit Court's jurisdiction, and thus Judge Carroll is immune from liability for monetary damages. Moreover, in Wisconsin *guardians ad litem* are entitled to absolute quasi-judicial immunity from negligence liability for acts performed within the scope of their duties. *Paige K.B. by Peterson v. Molepske*, 219 Wis. 2d 418, 424, 580 N.W.2d 289, 292 (1998). As such, Defendants Life Navigators and Elizabeth Ruthmansdorfer are also immune from liability.

Accordingly, because Bach is not indigent, the motion to proceed in *forma pauperis* will be denied. Bach will be given leave to pay the filing fee, if she so wishes. Additionally, because regardless of filing status this Court can dismiss a complaint for failure to state a claim, Bach will also

be given leave to amend her complaint as to her First Amendment claims. The amended complaint must state claims authorized by the Constitution or by federal statute vindicating her own rights, not that of her son, must seek relief within the authority of this Court, and to the extent it seeks monetary damages, must not do so against defendants who are immune. Any claim must overall comply with Federal Rule Civil Procedure 8(a)(2).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff shall have until **May 31, 2013** to pay her filing fee and file an amended complaint that complies with this Order. The plaintiff is advised that if she does not pay the filing fee and file an amended complaint by May 31, 2013, or if her amended complaint fails to cure the deficiencies outlined above, this case will be dismissed.

Dated at Milwaukee, Wisconsin this 30th day of April, 2013.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge