UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARGARET BACH,<br><br>                 Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY CIRCUIT COURT;<br>MILWAUKEE COUNTY;<br>ELIZABETH RUTHMANSDORFER;<br>LIFE NAVIGATORS;<br>DISABILITY RIGHTS WISCONSIN, INC.;<br>DEWEY MARTIN;<br>MOERTL WILKINS & CAMPBELL, SC;<br>DENICE MADER; LYNN WAGNER;<br>MAUREEN MCGINNITY;<br>FOLEY & LARDNER, LLP;<br>CHRISTINE GABOR; KATIE DOMER;<br>EASTER SEALS OF SOUTHEAST<br>WISCONSIN, INC; KRISTA BUCHHOLTZ;<br>WILSON ELSER MOSKOWITZ EDELMAN<br>& DICKER, LLP; GARY STARK;<br>MILWAUKEE COUNTY MENTAL<br>HEALTH COMPLEX;<br>SCOTT MCCARDELL; BRIDGES, LLC;<br>JULLIAN GOGGANS; and<br>MILWAUKEE POLICE DEPARTMENT,<br><br>                 Defendants. | Case No. 13-CV-370-NJ<br><br><br><br><br><br><br><br>ORDER |

       The above-captioned matter comes before the court on Magistrate Judge Nancy Joseph's referral of plaintiff Margaret Bach's "Amended Petition for a Temporary Restraining Order and Temporary Injunction." (Dockets #29, #24). Ms. Bach has consented to proceed before Magistrate Judge Joseph, however, the referred motion seeks immediate relief against defendants who have yet to appear, and who, therefore, have not consented

to Judge Joseph's jurisdiction over this matter. The court has reviewed Ms. Bach's submissions, and denies her motion as explained below.

According to the Amended Complaint, Ms. Bach's son, Aaron, is disabled, and Milwaukee County "took over funding decisions" for his care in 2007. Aaron currently receives care in a group home. In her motion, Ms. Bach seeks the following relief: first, that the court appoint a new guardian ad litem to represent Aaron's interests; second, that the court "take jurisdiction and void all past orders" entered by Milwaukee County Circuit Court Judge Jane Carroll; third, that the court issue an injunction to allow Ms. Bach to communicate with Aaron's group home regarding a planned outing to a Milwaukee Brewers game; and fourth, that the court hold hearings to examine Aaron's placement in the group home. Ms. Bach seeks immediate review of her motion because the outing to the Brewers game is scheduled to occur this week, and because the Milwaukee County Circuit Court's handling of the case "put lives at risk."

It appears Ms. Bach is no stranger to the federal courthouse. Indeed, the ink has barely dried on a Seventh Circuit opinion affirming my colleague Judge Charles N. Clevert's dismissal of an earlier lawsuit Ms. Bach filed in this district. As summarized by the Seventh Circuit, Ms. Bach brought that suit on behalf of herself and Aaron to "regain custody of her son and to receive damages on account of his confinement at a Milwaukee County facility for several days in July 2011." *Bach v. Milwaukee Cnty.*, 490 F. App'x 806, 807 (7th Cir. 2012) (*cert. denied*, 133 S. Ct. 1251, 185 L. Ed. 2d 197 (U.S. 2013)). Ms. Bach asserted claims under 42 U.S.C. § 1983, the Fair Labor Standards Act, and the Medicare Act. *Id.* In assessing Ms. Bach's claims, the Seventh Circuit provided several admonitions relevant to the instant motion.

First, the Seventh Circuit pointed out that Ms. Bach may not proceed in claims filed on Aaron's behalf because, though she is a lawyer, she is not Aaron's lawyer. *Id.* (*citing Struck v. Cook Cnty Public Guardian*, 508 F.3d 858, 859 (7th Cir. 2007)) (further citations omitted). Second, with regard to guardianship proceedings, the Seventh Circuit explained that Ms. Bach "cannot have a federal court appoint her as Aaron's guardian. That would directly upset a decision of the state court, and federal courts (other than the Supreme Court) lack authority to review and countermand decisions of state courts in civil cases." *Id.* (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). And third, with regard to Ms. Bach's claims against defendants that were not parties to the guardianship proceedings, the Seventh Circuit explained that, even though the *Rooker-Feldman* doctrine is inapposite, federal courts still "must give state-court decisions the same preclusive force they have in state court." *Id.* at 808 (*citing* 28 U.S.C. § 1738).

Against this backdrop, it is clear that the court is obliged to deny Ms. Bach's motion. The movant seeking a temporary restraining order must demonstrate, among other factors, a likelihood of prevailing on the merits of the lawsuit. *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). Plainly stated, the likelihood that Ms. Bach will prevail on the merits of her claims is nil, for the reasons already explained by the Seventh Circuit in Ms. Bach's previous lawsuit. First, this court echoes the Seventh Circuit's admonition regarding any claims Ms. Bach attempts to assert for Aaron because Ms. Bach lacks authority to litigate on his behalf. Second, the court denies Ms. Bach's request that the court appoint a new guardian ad litem, void or enjoin the orders entered by the Circuit Court, and hold

hearings to examine Aaron's placement in his group home. The *Rooker-Feldman* doctrine and the law of preclusion operate in this case as they operated in Ms. Bach's prior case, barring collateral federal judicial review of the state court's orders. As Ms. Bach cannot show that she will prevail on the merits of her claim, the court is obliged to deny her request for a temporary restraining order in this case.

This court concludes, with instruction that should be familiar to Ms. Bach: "Margaret can ask the state court that entered the guardianship orders to modify them. She cannot obtain a modification in federal litigation…" *Bach v. Milwaukee Cnty.*, 490 F. App'x 806, 808 (7th Cir. 2012) (*cert. denied*, 133 S. Ct. 1251, 185 L. Ed. 2d 197 (U.S. 2013)).

Accordingly,

IT IS ORDERED that Plaintiff's "Amended Petition for a Temporary Restraining Order and Temporary Injunction" (Docket #24) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge