UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGARET BACH,

    Plaintiff,

  v.                                                                         Case No. 13-CV-370

MILWAUKEE COUNTY CIRCUIT COURT,
*Judge Jane Carroll presiding*,
MILWAUKEE COUNTY,
ELIZABETH RUTHMANSDORFER,
LIFE NAVIGATORS,
DISABILITY RIGHTS WISCONSIN, INC.,
DEWEY MARTIN,
MOERTL WILKINS & CAMPBELL S.C.,
DENICE MADER, LYNN WAGNER,
MAUREEN McGINNITY,
FOLEY & LARDNER LLP,
CHRISTINE GABOR, KATIE DOMER,
EASTER SEALS OF SOUTHEAST WISCONSIN, INC.,
KRISTA BUCHHOLTZ,
WILSON ELSER MOSKOWITZ EDELMEN & DICKER LLP,
GARY STARK,
MILWAUKEE COUNTY MENTAL HEALTH COMPLEX,
SCOTT McCARDELL, BRIDGES LLC,
JULLIAN GOGGANS, and
MILWAUKEE POLICE DEPARTMENT,

    Defendants.

## ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL

On July 16, 2013, the plaintiff, Margaret Bach, filed a "motion for an interlocutory order." (Docket # 75.) The Court construes this motion to be a motion to certify for interlocutory appeal its July 10, 2013 order on Bach's motion to void a state court order regarding transcripts. (Docket # 72.)

Petitions for interlocutory appeals are governed by 28 U.S. C. §1292. In particular, § 1292(b) permits a district judge to certify a non-final order for immediate interlocutory appeal. Because interlocutory appeals are an exception to the final judgment rule, their use should be limited to "exceptional" cases in which an appellate decision "may obviate the need for protracted and expensive litigation." *Fed. Deposit Ins. Corp v. First Nat. Bank of Waukesha*, 604 F.Supp. 616, 620 (E.D. Wis. 1985). To certify an issue for interlocutory appeal, the court must find that the order presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 86 F.3d 725, 729 (7th Cir. 1996). These "criteria are conjunctive, not disjunctive." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). Thus, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Id.* at 675. It is within a district court's discretion to allow—or disallow—an interlocutory appeal from a non-final order. *Swint v. Chambers County Com'n*, 514 U.S. 35, 46 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals).

It is evident from Bach's motion that she believes this Court can serve as a reviewing court for the state circuit courts. (*See* Docket # 75 at 4 ("No circuit court judge can prevent review of his or her conduct and decisions by a higher court.")). As was explained in the order on her motion for transcripts, federal district and circuit courts are not courts of appeal for state courts. (*See* Docket # 72 at 2.). It was on this basis that this Court denied her motion to overturn the state court order regarding transcripts.

- 2 -

Turning to the criteria for certification, although the Court is sympathetic to Bach's frustration regarding transcripts she asserts that she has already paid for, her request for an interlocutory appeal does not satisfy the requirements of § 1292(b). First, Bach has not shown that the question she seeks to have certified is controlling for purposes of §1292(b). In order to be a "controlling" question of law, the resolution of the issue must affect the course of litigation. *United States v. Approximately 81,454 Cans of Baby Formula*, 2008 WL 4058044, *1 (E.D.Wis. Aug. 26, 2008) (citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir.1996)); *Harrisonville Tel. Co. v. Ill. Commerce Com'n*, 472 F. Supp. 2d 1071, 1080 (S.D.Ill. 2006) ("A controlling question of law is a threshold issue that seriously affects the way in which a court conducts a litigation, for example, impacting whether or not the plaintiff has a claim for relief under a particular statute.") A "controlling question" can exist where resolution of the question will resolve the litigation in its entirety, or where it will establish "whether a particular claim exists." *E.E.O.C. v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 53 (E.D.N.Y. 2005). Here, even if the Seventh Circuit ruled in favor of Bach and voided the state court's order on the transcripts, such an order would not extinguish Bach's claims in the present action. As such, Bach does not present a controlling issue of law for certification.

Next, Bach has not shown that the question presented by the July 10, 2013 order denying the motion to void the state court's transcript order is contestable, meaning it is not one "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). That federal courts are courts of limited jurisdiction is well-established. Bach has not cited any authority for overturning or voiding the state circuit court order on transcripts. That Bach asserts she needs the transcripts in a matter pending in this district court does not give this court authority to bypass the state appellate

court regarding a state circuit court order. Accordingly, the July 10, 2013 order does not present a contestable question of law, as used in § 1292(b), warranting certification for interlocutory appeal.

Therefore, **IT IS HEREBY ORDERED** that the plaintiff's motion for certification for interlocutory appeal is **DENIED**.

Dated this 18th day of July, 2013, at Milwaukee, Wisconsin.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
